**Marjorie STORMER,**
**Plaintiff/Respondent,**

v.

**RICHFIELD HOSPITALITY**
**SERVICES, INC., Defendant/Appellant.**

**No. ED 78905.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 25, 2001.

Debbie S. Champion, Kevin J. Marquitz, St. Louis, MO, for appellant.

Ted F. Frapolli, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Richfield Hospitality Services, Inc. ("Innkeeper") appeals the summary judgment for $9,750 entered in favor of Marjorie Stormer ("Guest") in her action asserting negligence and breach of contract. We reverse and remand.

The basic facts of the case are essentially undisputed. On Friday, May 14, 1999, Guest and her daughter ("Daughter") arrived by automobile at the entrance to the Regal Riverfront Hotel in St. Louis, Missouri. The hotel is operated by Innkeeper. The hotel doorman greeted Guest and Daughter, explained to Daughter where to park the car, placed their luggage on a cart and told Daughter he would escort Guest and the bags to the hotel lobby. Upon entering the lobby, the luggage cart was placed near an ATM machine. The doorman told Guest, "One of these gentlemen will take care of you from here" and he left. Guest proceeded to the front desk to check in. Guest could not see the luggage while she was checking in because it was behind her, but she did see it sitting on the cart after she checked in.

As Guest was checking in, she was informed that their room was not ready but would be ready in fifteen or twenty minutes. At some point shortly thereafter, Daughter rejoined Guest. They asked directions for the restroom and went there. When they returned the bags were still there. Guest and Daughter then walked down to the end of the lobby to look around. When they returned they stopped at the front desk and were informed their room was ready. They signed in and turned around and noticed that their bags were gone. The bags were not recovered until after Guest left the hotel to return home on Sunday.

Before leaving the hotel, Guest spoke to the police and reported her luggage stolen. Guest provided the police with an inventory of what she recalled as the contents of the bags. Included in the inventory were a number of valuable pieces of jewelry, including a diamond and emerald ring valued at several thousand dollars. In her deposition, Guest specifically recalled placing the ring in its box in a net compartment at the back of the bag when she packed the suitcase.

After Guest checked out of the hotel, her luggage was discovered by the housekeeping staff in a room reserved for another guest for the weekend. The luggage was seized by the police, and taken to the police station. An inventory performed by the police established that the bags contained all of the items reported by Guest except for two items later determined to have been mistakenly reported missing and the diamond and emerald ring.

In support of her motion for summary judgment, Guest submitted an affidavit and deposition excerpts establishing the foregoing facts, a written appraisal of the

missing ring of $9,750 obtained shortly after the ring was purchased in 1988, and Guest's own opinion, based on her extensive experience with jewelry, that the ring was worth $9,750.

After Guest moved for summary judgment, Innkeeper moved for leave to amend its answer to add two affirmative defenses: (1) that Guest had failed to offer the diamond and emerald ring to Innkeeper for custody in an iron safe pursuant to section 419.020 RSMo 1994 [1]; and (2) that Guest had no written agreement with Innkeeper to assume liability greater than $200, thus limiting Innkeeper's liability to $200 pursuant to section 419.010. The trial court granted leave to so amend the Answer, apparently without objection from Guest. Innkeeper also filed a response to Guest's motion for summary judgment along with a memorandum of law, affidavits, the police report and excerpts from Guest's deposition. The trial court granted Guest's motion for summary judgment in the amount of $9,750 and Innkeeper appeals.

▪ The standard of review on appeal regarding summary judgment is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria for testing the propriety of summary judgment are no different from that which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* Summary judgment will be upheld on appeal if there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. *Id.* A movant's right to judgment as a matter of law differs significantly depending upon whether the movant is a "claimant" or a "defending party." *Id.* at 381. In this case, Guest, the party moving for summary judgment, is also the claimant. A claimant must establish that there is no genuine dispute as to those material facts upon which the claimant would have had the burden of persuasion at trial. *Id.* Additionally, where the defendant has raised affirmative defenses, the claimant's right to judgment depends as much on the non-viability of the affirmative defenses as it does on the viability of the claimant's claim. *Id.* A claimant moving for summary judgment in the face of affirmative defenses must also establish that each affirmative defense fails as a matter of law. *Id.* However, as to each defense, the claimant need only establish that any one of the facts necessary to support the defense cannot be established. *Id.*

▪ In its first point, Innkeeper claims the trial court erred in granting summary judgment because Guest failed to negate any element of its defense based on section 419.020. We agree.[2] Section 419.020 provides:

No innkeeper in this state, who shall constantly have in his inn an iron safe, in good order, and suitable for the safe custody of money, jewelry and articles of gold and silver manufactured, and of the like, and who shall keep a copy of Sections 419.020 and 419.030 printed by itself, in large plain English type, and framed, constantly and conspicuously suspended in the office, barroom, saloon, reading, sitting and parlor room of his

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

2. Innkeeper also claims it has no liability pursuant to section 419.030 RSMo 1994. This section was not asserted in Innkeeper's amended answer and thus cannot be asserted for the first time on appeal. In any event, Guest's motion does negate any defense based on section 419.030 because it does establish that Guest's loss was not caused by fire and that the missing ring was not merchandise for sale or sample.

inn, and also a copy printed by itself, in ordinary sized plain English type, posted upon the inside of the entrance door of every public sleeping room of his inn, shall be liable for the loss of any such articles aforesaid, suffered by any guest, unless such guest shall first have offered to deliver such property lost by him to such innkeeper, for custody in such iron safe, and such innkeeper shall have refused or omitted to take it and deposit in such safe for its custody and to give such guest a receipt therefor.

Given the fact that the trial court granted Innkeeper leave to amend its answer to assert this defense after Guest filed her motion for summary judgment, it would probably be more surprising if Guest's motion did serendipitously negate some element of section 419.020. It is clear that Innkeeper had a safe deposit box available for the protection of guest valuables and that Guest never offered the ring to Innkeeper for deposit in a safe deposit box. It is undisputed that copies of sections 419.020 and .030 are posted on the inside entrance door of every guest room. It cannot be determined from the record before us whether Innkeeper had framed copies of the statutes conspicuously suspended in the other locations set forth in the statute.[3] Under such circumstances, Guest has not shown that Innkeeper will be unable to establish any element of the absolute defense set forth in section 419.020 and the trial court erred in sustaining Guest's motion for summary judgment.

In its second point, Innkeeper alternatively urges the trial court erred in failing to apply section 419.010 to limit its liability to $200. Section 419.010 provides:

No hotel, or innkeeper in this State is liable for the loss of any money, jewelry, wearing apparel, baggage or other property of a guest in a total sum greater than $200, unless the hotel keeper or innkeeper by an agreement in writing individually, or by the authorized agent or clerk in charge of the office or hotel or inn, voluntarily assumes a greater liability with reference to such property. As regards money, jewelry or baggage, an hotel keeper or innkeeper is not liable in any event for the loss thereof or damage thereto, unless the same was actually delivered by the guest to him or his authorized agent, or clerk in the office of the hotel or inn, and the receipt thereof acknowledged by the delivery to the guest of a claim check of the hotel keeper or innkeeper, unless the loss or damage occurs through the willful negligence or wrongdoing of the hotel keeper or innkeeper, his servants or employees. This section shall be posted in the office of every hotel and inn and in every guest room thereof, and unless so posted the same does not apply in the case of hotel keepers or innkeepers failing to post same.

The trial court held this defense (and the defense provided in section 419.020) was not applicable based on the phrase "unless the loss or damage occurs through the willful negligence or wrong doing of

---

**3.** In its brief, Innkeeper makes much of the fact that, at some point, Guest signed a registration card which advised, *inter alia,* that a safe deposit box was available. The record does not establish whether Guest actually read the card before signing it. Although we need not decide in this appeal whether actual notice to Guest would satisfy the requirements of the statute, we reject the implication in Innkeeper's brief that constructive notice imparted by the card can be substituted for the constructive notice required by the express terms of the statute. *See Link–Simon, Inc. v. Muehlebach Hotel, Inc.,* 374 F.Supp. 789 (W.D.Mo.1974) (explaining history of Innkeeper statutes and rationale for requiring strict adherence to statutory requirements).

the hotel keeper or innkeeper." This is a misinterpretation of the statute. The exception cited by the trial court applies to the complete defense available to an innkeeper who accepts property and gives the guest a claim check. The $200 limit of liability is conditioned solely upon the posting of the statute in the locations specified in the third sentence and the absence of any written agreement to assume a greater liability. As discussed above, Guest's motion does not establish that Innkeeper will be unable to establish these elements.

In view of our determination that summary judgment was improperly granted, we need not address Innkeeper's remaining point. We reverse the judgment and remand for further proceedings consistent with this opinion.

GARY M. GAERTNER, Sr., P.J., and DRAPER, J., concurs.