Donna NEISLER, Appellant,

v.

David KEIRSBILCK,

and

Columbia Sussex Corporation, Respondents.

No. SD 30036.

Missouri Court of Appeals, Southern District. Division One.

March 24, 2010.

**194**

Roy B. True, Overland Park, for Appellant.

John G. Schultz and Jason B. Moore, Franke, Schultz & Mullen, P.C., Kansas City, for Respondents, Columbia Sussex Corporation.

ROBERT S. BARNEY, Judge.

Donna Neisler ("Appellant") appeals the judgment entered by the trial court which granted Columbia Sussex Corporation's ("Respondent") request for summary judgment.[1]  Appellant urges three points of trial court error.

In determining whether the trial court properly granted summary judgment, we employ a *de novo* standard of review. *City of Springfield v. Gee*, 149 S.W.3d 609, 612 (Mo.App.2004).  Consequently, we do not defer to the trial court's decision to grant summary judgment. *Murphy v. Jackson Nat'l Life Ins. Co.*, 83 S.W.3d 663, 665 (Mo.App.2002).  Instead, we use the same criteria the trial court should have employed in initially deciding whether to grant Respondent's motion. *Stormer v. Richfield Hospitality Servs., Inc.*, 60 S.W.3d 10, 12 (Mo.App.2001).  We view the record in the light most favorable to the party against whom judgment was entered, and we accord that party the benefit

---

**1.** Separate defendant David Kiersbilck ("Mr.   Kiersbilck") does not appear in this appeal.

of all inferences which may reasonably be drawn from the record. *ITT Comm'l Finance Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law." *Id.*

■ Rule 74.04 distinguishes between motions for summary judgment filed by a "claimant" and those filed by a "defending party."[2] *Id.* at 380. "A 'claimant' is one who seeks 'to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment.'" *Ameristar Jet Charter, Inc. v. Dodson Int'l. Parts, Inc.*, 155 S.W.3d 50, 58 (Mo. banc 2005) (quoting Rule 74.04(a)). "A 'defending party' is one 'against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought.'" *Id.* (quoting Rule 74.04(b)). Here, Respondent was the defending party in the underlying lawsuit.

A defending party may establish a right to summary judgment by showing: (1) facts negating any one of the claimant's elements; (2) that the party opposing the motion has presented insufficient evidence to allow the finding of the existence of any one of the claimant's elements; or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support a properly pleaded affirmative defense.

*Id.* at 58–59.

Viewing the record in the light most favorable to Appellant, *ITT*, 854 S.W.2d at 376, the record reveals Appellant is the mother of David Neisler ("Son"). Son was killed on September 29, 2006, when he was struck by a truck driven by Mr. Kiersbilck in the parking lot of Casino Aztar in Caruthersville, Missouri. Appellant brought a wrongful death lawsuit on September 24, 2008, against Mr. Kiersbilck, as the driver of the vehicle, and against Respondent, as the owner of the casino where the death occurred, for "fail[ing] to use ordinary care to remove or warn of the dangerous condition of [the] premises...." In its Answer to Appellant's petition, Respondent denied having any information about the incident or property in question and brought a crossclaim against Mr. Kiersbilck "for apportionment of fault...."

Respondent then filed a motion for summary judgment on April 29, 2009. In its motion, Respondent asserted that it "did not own, operate or possess Casino Aztar prior to September 29, 2006, on September 29, 2006, or subsequent to September 29, 2006," and that it "did not employ any security personnel for Casino Aztar prior to September 29, 2006, on September 29, 2006, or subsequent to September 29, 2006." Accordingly, Respondent urged that the fact that Respondent "never owned, operated, or possessed the Casino Aztar and that it never employed security personnel at the Casino Aztar entitle[d][it] to judgment as a matter of law." In support of its motion, Respondent attached an affidavit in which Joe Yung ("Mr. Yung"), the Senior Vice President of Development for Respondent, swore under oath that Respondent never owned, operated or possessed Casino Aztar at any time nor did it ever employ security personnel on that property.

In her response to Respondent's motion for summary judgment, Appellant asserted that the ownership of Casino Aztar was in dispute such that a genuine issue of material fact existed that would preclude summary judgment. Appellant urged that "[t]he facts of this case establish that as a matter of fact, [Respondent] owned, operated and possessed Casino Aztar either itself or through a subsidiary at the time of the accident." In support of her asser-

**2.** All rule references are to Missouri Court Rules (2009).

tions, Appellant apparently attached "several" newspaper and periodical articles discussing Respondent's ownership of Casino Aztar through an entity called Columbia Entertainment. As such, Appellant argued the trial court should deny Respondent's request for summary judgment as there was indeed a genuine issue of material fact "regarding [Respondent's] ownership, operation, and possession of Casino Aztar either by itself or through a subsidiary at the time of the accident."

Thereafter, on July 20, 2009, Appellant filed her third amended petition. The trial court then scheduled a telephone conference for August 3, 2009, between the trial court and the parties to take "up all pending motions and to address all other pretrial matters . . ." ahead of the scheduled jury trial.

On that same date, the trial court granted Respondent's motion for summary judgment. In its judgment, the trial court noted that to prove Respondent's liability Appellant "must establish that there was a duty and that the breach of that duty was the proximate cause of [Son's] injury" and "based on the uncontroverted facts, [Respondent] did not owe a legal duty to [Son] on September 29, 2006," because Respondent "never owned, operated or possessed the Casino Aztar." The trial court found Respondent "cannot be liable for an accident that occurred on premises in which it had no interest and over which it had no control." This appeal by Appellant followed.

In her first point relied on, Appellant asserts the trial court erred in granting summary judgment in favor of Respondent "because the trial court overlooked contemporaneous newspaper articles in the record that raised a genuine factual dispute. . . ." In her second point relied on, Appellant maintains the trial court erred in granting summary judgment in favor of

Respondent because the newspaper articles "cited by Appellant were not hearsay in that the statements to reporters were admissions by [Respondent] and despite hearsay rules the newspaper articles raise sufficient issues of fact as to preclude summary judgment." As Points I and II are interrelated, we shall address them together.

■ Here, the legal file does not include any of the exhibits which were attached to Appellant's response to Respondent's motion for summary judgment. Namely, no copies of the "several" newspaper and periodical articles which Appellant asserts provide the basis for establishing the existence of a genuine issue of material fact are included. Included, instead, are six newspaper and periodical articles in the appendix to Appellant's brief. Additionally, none of the original exhibits have been filed with this Court. Accordingly, this Court is uncertain as to which newspaper and periodical articles were before the trial court when it was considering the issue in question.

" 'Missouri Supreme Court Rule 81.12 requires the appellant to compile the record on appeal.' " *Flowers v. McDonald Cty.,* 195 S.W.3d 434, 440 (Mo.App.2006) (quoting *Bishop v. Heartland Chevrolet, Inc.,* 152 S.W.3d 893, 897 (Mo.App.2005)). Rule 81.12(a) states that the record on appeal "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented . . . ." Additionally, Rule 81.12(e) provides that "Appellant is responsible for depositing all exhibits that are necessary for the determination of any point relied on." Likewise, this Court's Local Rule 4 provides that "[a]n appellant is responsible for ensuring that all exhibits necessary for the determination of any point relied on are deposited or filed with the Court." The purpose of these rules is to guarantee

"the record contains all evidence necessary for us to determine the questions presented." *Krastanoff v. Williams,* 231 S.W.3d 205, 206 (Mo.App.2007). It has long been held that " '[d]ocuments attached to a party's brief but not contained in the legal file are not part of the record and will not be considered on appeal.' " *In re Trust of Nitsche,* 46 S.W.3d 682, 684 (Mo.App.2001) (quoting *Meyers v. Southern Builders, Inc.,* 7 S.W.3d 507, 512 n. 6 (Mo.App. 1999)); *see also State ex rel. Mississippi Lime Co. v. Missouri Air Conservation Comm'n,* 159 S.W.3d 376, 380 n. 2 (Mo. App.2004) (holding that "[t]he mere inclusion of documents in an appendix to a brief does not make it part of the record on appeal"). "Without the required record, this Court has nothing to review." *Krastanoff,* 231 S.W.3d at 206.

While Rule 84.04(h) provides that "[a]n appendix also may set forth matters pertinent to the issues discussed in the brief such as copies of exhibits, excerpts from the written record, and copies of new cases or other pertinent authorities," as already stated, "[t]he mere inclusion of the [newspaper articles] as part of an appendix to [Appellant's] brief does not make those documents part of the record on appeal." *In re Carl McDonald Revocable Trust Dated Oct. 1, 1979,* 942 S.W.2d 926, 932 (Mo.App.1997). In the present matter, we cannot render judgment in a matter where we are uncertain which documents were before the trial court. "Where as here, it is not clear what documents were in fact presented to the trial [court], we will not consider them as part of the record on appeal." *Id.* We are unable to review Appellant's first two points relied on. *Krastanoff,* 231 S.W.3d at 206. Points I and II are dismissed.

In her third point relied on, Appellant asserts the trial court erred in granting summary judgment in favor of Respondent because "there was no adequate period for discovery in that the trial [court] did not give Appellant time to compel Respondent to answer pertinent discovery requests prior to granting summary judgment."

The issue raised in Appellant's third point relied on was not presented to the trial court. Appellant filed no motions with the trial court asking for an extension of time for discovery prior to the trial court's ruling on Respondent's motion for summary judgment and Appellant did not request sanctions or file other such motions with the trial court asking that Respondent be compelled to answer certain interrogatories. " 'An issue that was never presented to or decided by the trial court is not preserved for appellate review.' " *Green v. Study,* 286 S.W.3d 236, 241 n. 5 (Mo.App.2009) (quoting *Roberson v. Weston,* 255 S.W.3d 15, 19 (Mo.App. 2008)). This issue has been abandoned by Appellant such that Point III "is without merit." *Stewart v. Jones,* 90 S.W.3d 174, 180 (Mo.App.2002). Point III is denied.

The judgment of the trial court is affirmed.

BATES, P.J. and BURRELL, J., CONCUR.