**BACA CHIROPRACTIC, P.C., Plaintiff–Respondent,**

v.

**Jerry COBB and Christie Cobb, Defendants–Appellants.**

**No. SD 30271.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 16, 2010.

---

James E. Corbett, David T. Tunnell, Matthew W. Corbett, and Daniel P. Molloy, Corbett Law Firm, Springfield, MO, for Appellant.

Raymond Lampert, Springfield, MO, for Respondent.

GARY W. LYNCH, Presiding Judge.

Jerry Cobb and Christie Cobb (individually, "Jerry" and "Christie," and collectively, "the Cobbs") appeal the trial court's judgment granting Baca Chiropractic, P.C.'s motion for summary judgment and awarding it $6,533.17 in unpaid fees. The Cobbs argue that the trial court erred in granting summary judgment because there was a genuine dispute as to whether the fees charged by Baca Chiropractic were reasonable, and therefore it was not entitled to judgment as a matter of law. We agree, reverse the trial court's judgment, and remand for further proceedings.

### Factual and Procedural Background

The Cobbs were in an automobile accident on May 29, 2004. Before that accident, from May 4, 2001, to December 20, 2002, both had received chiropractic treatment from Steven Baca, a chiropractor and the owner of Baca Chiropractic. Following the accident, the Cobbs again received treatment from Dr. Baca, this time from August 3, 2004, to March 3, 2005.

Dr. Baca sent the Cobbs a letter requesting payment on their outstanding account balances for treatment following the accident, which amounted to $3,485.00 on Christie's account, and $1,415.00 on Jerry's account, for a total of $4,900.00. In that letter, Dr. Baca gave the Cobbs until January 2, 2008, to contact his office regarding payment of the accounts or he would turn the accounts over to his collections attorney. On January 10, 2008, Creditors Financial Services, L.L.C., sent the Cobbs a letter demanding payment in the amount of $6,533.17; that letter did not contain an itemization of the charges.

The following month, Baca Chiropractic filed a two-count petition against the Cobbs. Count I alleged that the Cobbs owed Baca Chiropractic $6,533.17, which included "reasonable collection fees," and that both individuals should be held liable for the entire amount. Count II alleged that the Cobbs were unjustly enriched by accepting Dr. Baca's treatment without submitting payment. Attached to the petition was the sworn affidavit of Dr. Baca averring that he had provided the requested services, that his fees were reasonable, and that the Cobbs refused to pay; an "itemized and true copy of the account[s]"; a "Doctor's Lien" relating to Christie and a "Clinic Lien" relating to Jerry; health history questionnaires for both Cobbs; a request for Jerry's medical records; and the two collection letters described *supra.*

In their answer, the Cobbs contended that the fees sought were unreasonable as the fees were the product of "price gouging," that they were charged different rates before and after their accident, that Baca Chiropractic charged the higher rate after the accident because it "thought it could engage in price gouging," that they were not made aware of the price difference until after their treatment, and that they would not have continued with treatment from Dr. Baca had they known about the increased prices.

Baca Chiropractic then filed a motion for summary judgment, arguing that

> [t]he [Cobbs] have admitted in their pleadings and in discovery that Baca offered and they accepted the services and they promised to pay the bill. They have not contradicted the reasonable charges affidavit. There is therefore no genuine issue of material fact and the Court should enter judgment in favor of

[Baca Chiropractic] for the full amount due plus attorney fees.

Baca Chiropractic went on to argue that, even though "[i]n their answer, the [Cobbs] denied that [the] charges are reasonable[, n]evertheless they have not provided the affidavit required under § 490.525.2 to rebut the established presumption of reasonableness.[1] Because [Baca Chiropractic] has filed the required affidavit there is sufficient evidence to support that the charges were reasonable." Accompanying Baca Chiropractic's motion for summary judgment was "Plaintiff's Statement of Facts," which alleged three facts: "1. [The Cobbs] requested that [Baca Chiropractic] provide them chiropractic services, and [Baca Chiropractic] provided said services to [the Cobbs]"; "2. [Baca Chiropractic's] charges for said services were reasonable[;]" and "3. Said charges were not paid." These facts were supported by citation to the pleadings, Dr. Baca's affidavit, and deposition testimony of both Jerry and Christie, portions of which were also attached to the motion for summary judgment.

The Cobbs filed their response to the motion for summary judgment again asserting the unreasonableness of Dr. Baca's charges. Attached to this motion were Jerry's affidavit, Christie's affidavit, and itemized billing statements from Baca Chiropractic from both before and after the automobile accident.

Along with their response to the motion for summary judgment, the Cobbs also filed a "Motion for Leave of Court to File Counteraffidavits Pursuant to RSMo. § 490.525.5 Out of Time." The counteraffidavits referred to in and attached to this motion were the same affidavits of Jerry and Christie that were referenced in and

---

1. All statutory references are to RSMo Cum. Supp.2004, unless otherwise indicated.

attached to their response to the motion for summary judgment.

Jerry's and Christie's affidavits aver that Dr. Baca charged them different rates after the accident than he had charged before the accident, that Dr. Baca had represented to the Cobbs that he would charge them the same rates as he had charged before the accident, that the ultimate fees sought were unreasonable, that neither Christie nor Jerry would have treated with Dr. Baca had they known what the charges would be, and that they believed Dr. Baca charged higher rates because he knew an insurance company would be paying the bill.

The trial court granted Baca Chiropractic's motion for summary judgment and entered judgment accordingly on December 3, 2009. In its judgment, the trial court awarded Baca Chiropractic $6,533.17, the amount requested in its petition, against the Cobbs. This appeal timely followed.

### Standard of Review

In reviewing a trial court's grant of a motion for summary judgment, "we employ a *de novo* standard of review." *Neisler v. Keirsbilck*, 307 S.W.3d 193, 194 (Mo. App.2010) (citing *City of Springfield v. Gee*, 149 S.W.3d 609, 612 (Mo.App.2004)). As such, we will not defer to the trial court's decision, *Murphy v. Jackson Nat'l Life Ins., Co.*, 83 S.W.3d 663, 665 (Mo.App. 2002), but rather, we will use the same standards the trial court should have used in reaching its decision to grant the motion for summary judgment. *Stormer v. Richfield Hospitality Servs., Inc.*, 60 S.W.3d 10, 12 (Mo.App.2001). "We view the record in the light most favorable to the party against whom judgment was entered, and we accord that party the benefit of all inferences which may reasonably be drawn from the record." *Neisler*, 307 S.W.3d at

194–95 (citing *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). "The propriety of summary judgment is purely an issue of law." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376.

### Discussion

In their sole point relied on, the Cobbs contend that the trial court erred in granting Baca Chiropractic's motion for summary judgment because there was a genuine issue of material fact as to whether its charges were reasonable. We agree.

To be entitled to summary judgment under Rule 74.04 as a claimant, the movant must establish that (1) it is entitled to judgment as a matter of law and (2) there is no genuine dispute as to the material facts upon which it would have the burden of persuasion at trial.... Once the movant has made this prima facie showing as required by Rule 74.04, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed.... The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial.

*Midwestern Health Mgmt., Inc. v. Walker*, 208 S.W.3d 295, 297 (Mo.App.2006) (internal citations omitted).

Here, in order to make a prima facie case for summary judgment on its open account action, Baca Chiropractic was required to plead in its summary judgment motion all of the facts necessary to establish each and every element of its claim, referencing any pertinent pleadings, discovery, or affidavits. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 380.

██ "An action on account is an action based in contract." *Midwestern Health Mgmt., Inc.,* 208 S.W.3d at 297 (citing *Heritage Roofing, L.L.C. v. Fischer,* 164 S.W.3d 128, 133 (Mo.App.2005); *St. Luke's Episcopal–Presbyterian Hosp. v. Underwood,* 957 S.W.2d 496, 498 (Mo.App. 1997)). There are three elements that must be proven in a suit on open account: "(1) the defendant requested the plaintiff to furnish goods or services, (2) the plaintiff accepted the defendant's offer by furnishing the goods or services, and (3) the charges were reasonable." *Id.*

In its motion for summary judgment, Baca Chiropractic alleged all three of these elements with references to the applicable documents, including Dr. Baca's affidavit, which stated that the fees Baca Chiropractic charged the Cobbs for chiropractic services "were reasonable[.]" Dr. Baca's affidavit was the only evidence offered by Baca Chiropractic in support of its contention that the fees it charged the Cobbs were reasonable. In their response, the Cobbs admitted both that they had requested treatment from Dr. Baca and that treatment was provided; the only element of Baca Chiropractic's claim that they disputed was that the charges were reasonable.

Section 490.525 provides that,

[u]nless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Section 490.525.2. Thus, as expressly provided in this statute, absent a "controverting affidavit," Baca Chiropractic's use of Dr. Baca's affidavit as to the reasonableness of the charges provided sufficient evidence to support its motion for summary judgment. The Cobbs, however, filed a controverting affidavit.

Section 490.525 states:

5. A party intending to controvert a claim reflected by the affidavit shall file a counteraffidavit with the clerk of the court and serve a copy of the counteraffidavit on each other party or the party's attorney of record:

(1) Not later than:

(a) Thirty days after the day he receives a copy of the affidavit; and

(b) At least fourteen days before the day on which evidence is first presented at the trial of the case; or

(2) With leave of the court, at any time before the commencement of evidence at trial.

Section 490.525.5.

██ Baca Chiropractic first argues that the Cobbs filed their counteraffidavits out of time. The Cobbs admit that they did not file their counteraffidavits within the time required by section 490.525.5(1). The Cobbs contend, however, and we agree, that the trial court treated their counteraffidavits as having been timely filed, and thus the counteraffidavits were properly before the trial court by leave of court, in accordance with section 490.525.5(2). While there was no express ruling by the trial court on the Cobbs' motion for leave to file the counteraffidavits out of time, the trial court articulated in the judgment that it had "considered said Motion [for summary judgment] and [the Cobbs'] Response, *the documents attached thereto,* and the arguments of counsel." (Emphasis added). Because the documents attached to the Cobbs' response included the counteraffidavits, the trial court's consideration of them implicitly granted the Cobbs' motion for leave to file them out of time in

accordance with section 490.525.5(2). *Cf. Premier Golf Missouri, LLC v. Staley Land Co., L.L.C.,* 282 S.W.3d 866, 871 (Mo.App.2009) (grant of motion for summary judgment on petition implicitly denied motions for summary judgment on counterclaims involving the same issues and evidence); *State v. Tidwell,* 888 S.W.2d 736, 743 (Mo.App.1994) (grant of motion for continuance for the purpose of obtaining defendant's blood sample implicitly granted pending motion for order requiring defendant to submit blood sample); *Midwest Materials Co. v. Vill. Dev. Co.,* 806 S.W.2d 477, 501 (Mo.App.1991) (finding of lack of bias and prejudice was implicit in the trial court's overruling of the motion for new trial).

■ Baca Chiropractic next argues that, even if the affidavits were considered timely, the Cobbs were not qualified to make such affidavits as they are not "experts" within the meaning of the statute. The statute, in pertinent part, provides:

6. The counteraffidavit shall give reasonable notice of the basis on which the party filing it intends at trial to controvert the claim reflected by the initial affidavit and must be taken before a person authorized to administer oaths. The counteraffidavit shall be made by a person who is qualified, by knowledge, skill, experience, training, education or other expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit.

Section 490.525.6.

Baca Chiropractic contends that "a nonexpert is not competent to testify that a professional's charge for his services is unreasonable." The statute, however, is void of any reference to an "expert"; rather, the statute requires that a counteraffidavit "be made by a person who is qualified, by knowledge, skill, experience, training, education or other expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit." Section 490.525.6. Under the unique facts in this case, we find that the Cobbs were qualified to make such an affidavit by reason of their personal knowledge of and personal experience with Baca Chiropractic's prior rates and Dr. Baca's promise to adhere to those prior rates during the Cobbs' post-accident treatment. The facts in the counteraffidavits support that Jerry and Christie were treated by Dr. Baca for a lengthy period of time before their accident, during which they were charged a certain amount for particular services; after their accident, Dr. Baca told the Cobbs that he would charge the same amount for the same services; and Dr. Baca instead charged the Cobbs a higher amount than he had previously charged them for the same services. Under this set of facts, the Cobbs were uniquely qualified to specifically contest the reasonableness of Baca Chiropractic's fees based upon their knowledge and experience.

■ As the counteraffidavits were properly before the trial court, all that remains to be determined is whether the contents of the Cobbs' counteraffidavits raise a genuine issue of material fact as to the reasonableness of Baca Chiropractic's fees. "A 'genuine issue' exists where the record contains competent evidence of 'two plausible, but contradictory, accounts of the essential facts.'" *Robinson v. Mo. State Highway & Transp. Comm'n,* 24 S.W.3d 67, 75–76 (Mo.App.2000) (quoting *ITT Commercial Fin. Corp.,* 854 S.W.2d at 382). "A 'genuine issue' is a dispute that is real, not merely argumentative, imaginary or frivolous." *Id.*

Here, both Jerry and Christie aver that Dr. Baca told them "he would charge the same rates post-accident as he did pre-

accident[,]" but that Dr. Baca "charged higher rates for the treatment provided after the automobile accident compared with the rates he charged prior to the automobile accident." Belief of these facts would support an inference that Baca Chiropractic's fees in excess of those agreed to be charged are unreasonable. Therefore, these facts contradict the conclusory inference in Dr. Baca's affidavit that the fees were "reasonable." This contradiction raises a genuine issue of material fact as to the reasonableness of the fees and, accordingly, summary judgment was inappropriate. The Cobbs' point is granted.

### Decision

The trial court's judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

SCOTT, C.J., and RAHMEYER, J., concur.