Amber HALE f/k/a Amber
Koester, Appellant,

v.

Steve E. WAIT, Lance V. Frost, and
BNSF Railway Company,
Respondents.

No. SD 31536.

Missouri Court of Appeals,
Southern District,
Division Two.

March 27, 2012.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 17, 2012.

Application for Transfer
Denied May 29, 2012.

---

Douglas L. Healy, for Appellant.

Laurel E. Stevenson, Thomas E. Jones, Harlan A. Harla, Heath H. Hooks, for Respondent.

BARNEY, J., BATES, J., and SCOTT, J.

PER CURIAM.

This appeal arises out of the collision of a train and an automobile that took place on the evening of March 23, 2008, at an ungated crossing in Webster County, Missouri, which resulted in physical injuries to the driver of the automobile, Appellant Amber Hale f/k/a Amber Koester ("Plaintiff").

On May 21, 2009, Plaintiff brought her petition against Respondents BNSF Railway Company ("the Railroad"), train engineer Steve E. Wait ("Mr. Wait"), and train conductor Lance V. Frost ("Mr. Frost") (collectively "Defendants") alleging sixteen causes of action sounding in negligence against Mr. Wait and Mr. Frost and seventeen causes of action sounding in negligence against the Railroad. Plaintiff also requested "aggravating/punitive damages" against all Defendants. Defendants answered by denying Plaintiff's allegations of negligence and asserting over twenty affirmative defenses. Defendants then filed their motion for summary judgment with an attendant statement of uncontroverted material facts which was duly traversed by Plaintiff in her response to Defendants' statement of uncontroverted material facts. *See* Rule 74.04(c)(2).[1] Following a hearing, the motion court granted Defendants' motion for summary judgment and dismissed Plaintiff's petition with prejudice.

Plaintiff now raises her sole point relied on complaining of motion court error by its entry of summary judgment in favor of Defendants. She asserts there were genuinely disputed issues as to several material facts among which was whether Mr. Wait and Mr. Frost failed to give an adequate and timely warning—both visually and audibly—of the forthcoming approach of the train to the crossing. We determine that part of Plaintiff's third prong of her sole point relied on regarding whether or not Plaintiff heard an *audible* warning from the train prior to the collision has merit and raises a fact question to be resolved by a trier-of-fact. *Lumbermens Mut. Cas. Co. v. Thornton,* 92 S.W.3d 259, 266 (Mo. App.2002) (holding that the question of a breach of duty is one of fact for the jury to determine). Additionally, "where, as here, the non-movant/plaintiff's petition alleges alternate theories of recovery on the same claim, summary judgment on the claim is not proper unless the movant/ defendant can establish a case for summary judgment on each theory pled." *Guffey v. Integrated Health Servs. of Kansas City at Alpine North,* 1 S.W.3d 509, 517 (Mo.App. 1999); *see also Robinson v. Missouri State Hwy. and Transp. Comm'n,* 24 S.W.3d 67, 73 (Mo.App.2000). Accordingly, we reverse the motion court's summary judgment and remand the matter for further proceedings.

In reviewing a trial court's grant of a motion for summary judgment, "we employ a de novo standard of review." *Neisler v. Keirsbilck,* 307 S.W.3d 193, 194 (Mo. App.2010). As such, we will not defer to the trial court's decision, *Murphy v. Jack-*

---

1. All rule references are to Missouri Court Rules (2011).

*son Nat'l Life Ins., Co.*, 83 S.W.3d 663, 665 (Mo.App.2002), but rather, we will use the same standards the trial court should have used in reaching its decision to grant the motion for summary judgment. *Stormer v. Richfield Hospitality Servs., Inc.*, 60 S.W.3d 10, 12 (Mo.App.2001). "We view the record in the light most favorable to the party against whom judgment was entered, and we accord that party the benefit of all inferences which may reasonably be drawn from the record." *Neisler*, 307 S.W.3d at 194–95; *see ITT Comm'l Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). To be entitled to full summary judgment, a defending party employing one of the three means[2] for obtaining summary judgment, must allege undisputed facts demonstrating that the plaintiff cannot recover on any theory pled. *Allen*, 197 S.W.3d at 622) (internal citation omitted); *see ITT*, 854 S.W.2d at 381.

"The propriety of summary judgment is purely an issue of law." *Id.* at 376. " '[T]he key to a summary judgment is the undisputed right to a judgment as a matter of law; not simply the absence of a fact question.' " *Birdsong v. Christians*, 6 S.W.3d 218, 223 (Mo.App.1999) (quoting *Southard v. Buccaneer Homes Corp.*, 904 S.W.2d 525, 530 (Mo.App.1995)). A summary judgment motion must be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Rule 74.04(c)(6). "A genuine issue of material fact" exists where the record contains competent evidence that two plausible, but contradictory, accounts of essential facts exist. *Amusement Centers, Inc. v. City of Lake Ozark*, 271 S.W.3d 18, 19 (Mo.App. 2008). "A 'genuine issue' is a dispute that is real, not merely argumentative, imaginary or frivolous." *Robinson v. Mo. State Highway & Transp. Comm'n*, 24 S.W.3d 67, 76 (Mo.App.2000). In that summary judgment is "an extreme and drastic remedy," we exercise great caution in affirming it because the procedure cuts off the opposing party's day in court. *ITT*, 854 S.W.2d at 377.

Noting that "[s]ummary judgment is often inappropriate in negligence cases," *Bartel v. Central Markets, Inc.*, 896 S.W.2d 746, 748 (Mo.App.1995), it is settled law that "[t]o make an adequate claim for common law negligence, a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff." *Sill v. Burlington N. Railroad*, 87 S.W.3d 386, 391 (Mo.App. 2002).

 In her petition Plaintiff alleges, *inter alia*, that the members of the train crew were negligent "[i]n failing to sound an adequate and timely warning." "By statute, a railroad is required to continually sound a whistle or horn on its locomotives within a distance of 80 rods from any

---

**2.** As stated in *Allen v. Midwest Institute of Body Work and Somatic Therapy*, 197 S.W.3d 615, 621 (Mo.App.2006) (internal citation omitted),

> If the movant is a defending party, ... a *prima facie* case for summary judgment can be established by employing one or more of three means: (1) showing undisputed facts that negate any one of the plaintiff's required proof elements; (2) showing that the plaintiff, after an adequate period of discovery, has not produced and will not be able

to produce evidence sufficient to allow the trier of fact to find the existence of one or more of the plaintiff's proof elements; or (3) showing that there is no genuine dispute as to the existence of the facts necessary to prove the movant's properly pleaded affirmative defense. Regardless of which of these three means is employed by the defending party, each establishes a right to judgment as a matter of law.

*See ITT*, 854 S.W.2d at 381.

place where the tracks intersect a road." *Griffin v. Kansas City S. Ry. Co.,* 965 S.W.2d 458, 462 (Mo.App.1998) (internal footnote omitted); see § 389.990, RSMo. 2000. "Failure to sound one or the other of the prescribed signals results in liability by the railroad for all damages proximately caused by its omission." *Koehler v. Burlington N., Inc.,* 573 S.W.2d 938, 943 (Mo. App.1978).

Here, Mr. Wait and Mr. Frost both testified in depositions that they sounded the horn as they approached the intersection with the roadway crossing and presented other evidence supporting this proposition. However, Plaintiff testified at her deposition that she did not hear such an audible warning. This constitutes a clearly disputed issue of a material fact that Defendants have failed conclusively to negate. *See ITT,* 854 S.W.2d at 381.

As previously related, we view the record in the light most favorable to Plaintiff and we accord Plaintiff the benefit of all inferences which may reasonably be drawn from the record. *Id.* at 376. Additionally, as previously mentioned, the question of a breach of duty is one of fact for the jury to determine. *Lumbermens,* 92 S.W.3d at 266; *Pyle v. Layton,* 189 S.W.3d 679, 684–85 (Mo.App.2006). This matter is one for a factual witness credibility determination not one to be determined as a matter of law. "On a motion for summary judgment, the court is not authorized to determine the credibility of conflicting testimony under oath, but rather, resolution of those matters is for the fact finder at a complete trial." *Oetker v. Sherwood,* 920 S.W.2d 639, 641 (Mo.App.1996); *see Daniels v. Senior Care, Inc.,* 21 S.W.3d 133, 135 (Mo.App.2000).

The motion court erred by granting summary judgment. *Robinson,* 24 S.W.3d at 73 (holding that if this Court finds summary judgment was improper as to either theory of recovery pled, we must reverse

and would not be required to determine if the motion court also erred in awarding summary judgment on the alternate theory pled). The summary judgment in favor of Defendants is reversed and the matter is remanded for further proceedings.