

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CHRISTOPHER RANK, DMD, | ) | No. ED108387 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 18SL-AC33067 |
| | ) | |
| SANDRA SMITH, | ) | Honorable Virginia W. Lay |
| | ) | |
| Appellant. | ) | Filed: May 12, 2020 |

## Introduction

Sandra Smith (Appellant) appeals the trial court's summary judgment in favor of Christopher Rank, DMD (Respondent), on Respondent's suit on account to collect an outstanding balance for dental services rendered to Appellant. Because Respondent failed to show by undisputed material facts that he was entitled to judgment as a matter of law, and because Appellant raised the defense of recoupment by submitting an affidavit stating Respondent rendered incomplete and unsatisfactory service, we find summary judgment was inappropriate here. We reverse and remand.

## Background

Appellant sought dental services from Respondent on or about June 13, 2013. Respondent performed dental work for Appellant, which Appellant admits, but she claims

it was unsatisfactory and eventually had to be corrected by another dentist. Respondent demanded payment on Appellant's account in the amount of $9,396.00, and Appellant has refused to pay the amount. The patient information form Appellant signed states that she agreed to pay reasonable attorney's fees, interest at 1.5% per month, and court costs, associated with the collection of any outstanding balances due.

Respondent filed a petition to collect the balance on Appellant's account and agreed-upon fees. The trial court granted summary judgment in favor of Respondent, awarding $9,396.00 in principal, $6,765.12 in interest, and $1,409.40 for reasonable attorney's fees, for a total of $17,570.52, plus court costs. This appeal follows.

## Standard of Review

Our review of summary judgment is essentially de novo. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We employ the same criteria as the trial court in determining the propriety of summary judgment: whether there is a genuine dispute regarding any material fact, and, if not, whether the movant is entitled to judgment as a matter of law. Id. We take the facts set forth in support of the motion as true unless contradicted by the non-moving party's response, and we accord the non-movant the benefit of all reasonable inferences from the record. Id.

## Discussion

Appellant argues in her sole point on appeal that summary judgment was inappropriate because the record fails to establish by undisputed facts that Respondent's charges were reasonable. We agree.

2

A suit on account is rooted in contract law. Baca Chiropractic, P.C. v. Cobb, 317 S.W.3d 674, 678 (Mo. App. S.D. 2010) (quoting Midwestern Health Mgmt., Inc. v. Walker, 208 S.W.3d 295, 297-98 (Mo. App. W.D. 2006)). The plaintiff in a suit on account must prove three elements: "(1) the defendant requested the plaintiff to furnish goods or services, (2) the plaintiff accepted the defendant's offer by furnishing the goods or services, and (3) the charges were reasonable." Id. Only the third element is at issue here.

Appellant argues that a genuine issue of material fact remains regarding whether the charges on her account were reasonable. Attached to Respondent's motion for summary judgment, he offered a statement of account that included the list of charges to Appellant. Each line item contains the date, patient's name, amount of the charge, any payment made, and the account balance. The statement reflects a total balance of $9,396.00. In addition, Respondent attached an affidavit to his motion for summary judgment. In it, Respondent averred that Appellant is indebted to Respondent "on account of dental services . . . in the reasonable value of . . . $9,396.00, per the statement of account . . . incorporated herein by reference." This affidavit was the only evidence Respondent offered that the charges were reasonable.

Section 490.525.2, RSMo. (Supp. 2004), provides that "[u]nless a controverting affidavit is filed . . . , an affidavit that the amount a person charges for a service was reasonable . . . is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable . . . ." The statute further requires that the affidavit "[i]nclude an itemized statement of the service and charge." Section 490.525.3. Here, while Respondent's affidavit notes in general that he provided "dental services" and incorporates the statement of account by reference, the statement itemizes only the charges

on each date, not any of the services provided. Thus, this affidavit does not meet the requirements of Section 490.525, and it does not establish that Respondent's charges were reasonable. Appellant denied that the charges were reasonable in her response to Respondent's statement of uncontroverted material facts. Accordingly, Respondent was not entitled to judgment as a matter of law.

Additionally, in Appellant's response, she further stated, "The goods and services that [Respondent] claims he provided to [Appellant] were defective and/or incomplete." Appellant attached an affidavit in which she averred that Respondent agreed to provide and install fixed bridges in her mouth, but they do not fit properly and were not permanently fixed. She stated that she had to go to another dentist to permanently install the bridges, but they still do not fit properly.

This evidence raises the affirmative defense of recoupment, which is a defense based in equity. See Agriservices of Brunswick, LLC v. Jacoby, 548 S.W.3d 430, 437 (Mo. App. W.D. 2018). The object of this affirmative defense "is to rebate or recoup in whole or part the claim sued on," due to the plaintiff's defective performance. Id. (quoting Boone Nat. Sav. & Loan Ass'n, F.A. v. Crouch, 47 S.W.3d 371, 376 n.4 (Mo. banc 2001)); RPM Plumbing Mechanical, Inc. v. Jim Plunkett, Inc., 46 S.W.3d 60, 62 (Mo. App. W.D. 2001). While ordinarily a defendant must assert any affirmative defenses in the pleadings, courts have considered recoupment when the defendant submits evidence supporting such a defense, without objection, which is not relevant to any other issue in the case. Jacoby, 548 S.W.3d at 437 (citing RPM Plumbing Mechanical, Inc., 46 S.W.3d at 62).

Here, Appellant injected the affirmative defense of recoupment into the proceeding without objection, and her evidence was not relevant to any other issue. Respondent

4

therefore had the burden to show the defense fails as a matter of law, in addition to showing his right to summary judgment as a matter of law regarding the elements of his claim. See ITT Commercial Fin. Corp., 854 S.W.2d at 381 (claimant moving for judgment in face of affirmative defense must also establish defense fails as a matter of law). The trial court did not consider the issue of recoupment in its judgment. Thus, given the circumstances and evidence here, summary judgment was inappropriate. Point granted.

Conclusion

Because whether Respondent's charges were reasonable remains a disputed fact, he did not establish a right to judgment as a matter of law. Further, Appellant injected the affirmative defense of recoupment, which the trial court did not consider. Thus, we reverse and remand the trial court's entry of summary judgment.

_____
Gary M. Gaertner, Jr., Judge

James M. Dowd, P.J and
Robin Ransom, J., concur.