Barbara A. PRESTON, Respondent,

v.

WAL-MART STORES, INC., Appellant.

No. WD 50890.

Missouri Court of Appeals,
Western District.

March 26, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 1996.

Application to Transfer Denied
June 25, 1996.

Kevin R. Locke, Kansas City, for appellant.

John E. Turner, Kansas City, for respondent.

Before SPINDEN, P.J., and BERREY and LAURA DENVIR STITH, JJ.

SPINDEN, Presiding Judge.

A jury awarded Barbara A. Preston $275,000 for the injuries she suffered when she tripped over a floor mat and fell in a Clinton store owned by Wal–Mart Stores, Inc., in 1993. Wal–Mart appeals. We affirm the circuit court's judgment.

Apparently cold weather and moisture tracked into the Wal–Mart caused a floor mat in the store's vestibule to freeze so that it no longer laid flat. The mat hardened so that ridges in the mat became inflexible. Preston, who was 49 years of age, did not see the ridges in the mat, tripped, and fell. Although her injuries seemed to be minor when store employees tended to her, she went to the doctor later complaining of a sore back. Eventually, physicians performed surgery on her neck. Her medical bills totalled $31,066.26. She developed a lasting, chronic pain which prevented her from working.

In the first of its three points on appeal, Wal–Mart contends that the circuit court erred in not sustaining its motion for a directed verdict or for a judgment notwithstanding the verdict because Preston did not make a submissible case. Wal–Mart specifically complains that the floor mat's condition was so open and obvious that Preston should have been expected to discover and appreciate the danger to her. This, Wal–Mart contends, obviated its duty to protect Preston from the condition's danger.

The duty owed by a land possessor to a person who enters the land depends on the relationship between them. Preston was an invitee—that is, a person invited to the land for a purpose related to business dealings with the land possessor. *Harris v. Niehaus*, 857 S.W.2d 222, 225 (Mo. banc 1993). The Supreme Court has instructed:

> When the plaintiff is an invitee, ... a possessor of land (1) must exercise reasonable care; (2) disclose to the invitee all dangerous conditions which are known to the possessor and are likely not to be discovered by the invitee; and (3) see that the premises are safe for the reception of a visitor, or at least ascertain the condition of the land, to give such warning that the invitee may decide intelligently whether or not to accept the invitation, or may protect himself against the danger if he does accept it. Restatement (Second) of Torts, § 343, Comment b.
>
> Under the second element of § 343, when the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does *not* breach the standard of care owed to invitees "unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts, § 343A(1) (1965).

*Id.* at 225–26 (emphasis in original).

Wal-Mart emphasizes that the danger presented by its floor mat was open and obvious to anyone exercising ordinary perception, intelligence and judgment. Even assuming the obviousness of the floor mat's condition, Wal–Mart fails to appreciate the significance of evidence that it did nothing after learning that others had tripped on the floor mat before Preston's fall.

Preston presented evidence that Michael Robinson, soliciting donations at Wal–Mart's door, had seen two or three people trip on the floor mat before Preston fell and had told Wal–Mart's assistant manager of the problem. The assistant manager, while denying

that Robinson told him of the problem, acknowledged awareness of the danger posed by the floor mats and the need to keep them lying flat. Preston also presented a Wal–Mart training video tape which identified floor mats as "a big problem" of safety. The video tape instructed Wal–Mart personnel, "If [floor mats] are bunched up, they present a hazard, so lay them down flat, and if the corners turn up, replace them."

Hence, even had the floor mat's condition been obvious, this would not have cut off Wal–Mart's liability. This situation fell within the exception of § 343A(1) of the *Restatement* and adopted by the *Harris* court. Wal–Mart's point is without merit.

Wal-Mart then complains that the circuit court rejected its proposed instruction which said:

> This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

While acknowledging that the instruction is not an approved instruction, Wal–Mart contends that the circuit court should have permitted it under Rule 70.02(b). That rule says:

> Where [a Missouri Approved Instruction] must be modified to fairly submit the issues in a particular case, or where there is no applicable MAI so that an instruction not in MAI must be given, then such modifications or such instructions shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts.

The circuit court properly refused the instruction. The instruction did not hypothesize ultimate facts necessary for the jury's determination. Only issues of fact genuinely in dispute should be submitted to the jury. *Johnson v. Pacific Intermountain Express Company*, 662 S.W.2d 237, 245 (Mo. banc

1983), *cert. denied*, 466 U.S. 973, 104 S.Ct. 2349, 80 L.Ed.2d 822 (1984). Moreover, the circuit court could have rejected Wal–Mart's proposed instruction as an abstract, argumentative statement of the law. *Graham v. Goodman*, 850 S.W.2d 351, 354 (Mo. banc 1993).

Wal-Mart finally contends that the jury's verdict of $275,000 resulted from bias and prejudice. It argues that the damage award was "so grossly excessive" that the circuit court should have concluded that jury was guilty of misconduct. It points to the circuit court's refusal to give the previously-mentioned instruction as the cause for jury bias. First, the circuit court's rejection of the instruction was not error. Second, the verdict was supported by the evidence.

We, therefore, affirm the circuit court's judgment.

All concur.