Barry SMITH, Plaintiff–Appellant,

v.

DEWITT AND ASSOCIATES, INC., Defendant,

and

Herrman Lumber Company—Branson, Inc., Defendant–Respondent.

No. SD 28949.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 26, 2009.

Michael P. Mergen, Springfield, MO, for Appellant.

Paul F. Sherman, Springfield, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

Barry Smith ("Plaintiff") was injured by falling from a third-floor construction platform when a guardrail gave way. Plaintiff alleged in his petition that the guardrail failed because it had been taken down and re-installed multiple times, using the same nail holes. Plaintiff averred that this had

caused the guardrail to become loose and that this was not apparent to someone using the platform. Plaintiff brought his suit against the general contractor and several subcontractors, including Herrman Lumber Company—Branson, Inc. ("Herrman"), alleging both premises liability and general negligence. Herrman filed a motion for summary judgment that was granted by the trial court and from which Plaintiff now appeals. We reverse and remand.

## I. Facts and Procedural Background

Plaintiff sold and/or delivered cabinet fixtures for a construction project at The Falls Village Resort[1] ("the construction site" or "the site"). On September 7, 2006, Plaintiff was on Building 10 of the site to obtain cabinet fixture information when he came into contact with the wooden guardrail that gave way and allowed Plaintiff to fall to the ground. Plaintiff alleged that the general contractor, the siding contractor (alleged to be Herrman), and the painting contractor had all temporarily and repeatedly removed the guardrail to allow them to more easily deliver materials to the building's upper floors. Plaintiff alleged they did so by utilizing the same nail holes, resulting in a loose attachment that created an unsafe and dangerous, hidden condition.

Herrman contended it was entitled to judgment as a matter of law because: 1) "it was not a contractor and did not deliver to the third floor of Building 10 nor work on Building 10;" and 2) "it owed Plaintiff . . . no duty whatsoever." In support of its contention that Herrman was not a contractor, Herrman attached the affidavit of Steve Maples, Herrman's manager, who denied Herrman was the siding contractor on Building 10. In support of its conten-

tions that Herrman did not deliver to the third floor of Building 10, did not work on Building 10, and owed no duty to Plaintiff, Herrman attached the affidavits of Maples and Wayne Greeno, a Herrman employee who had made deliveries to the construction site on August 31, 2006—about a week prior to Plaintiff's fall. Maples's affidavit stated in relevant part:

4. Deliveries made by [Herrman] for Buildings 10 and 11 on or about September 7, 2006 to the best of my information and belief were either to the job site trailer or the designated fenced in holding area.

5. [Herrman] made no deliveries to the third floor of Building No. 10 on or about September 7, 2006.

Greeno's affidavit stated, in relevant part:

2. All deliveries I made were to the ground-level fenced in holding area provided at The Falls Village Resort.

3. I have never, and to the best of my knowledge, information and belief, none of our drivers made deliveries to either Building 10 or 11 while under construction on or about September 7, 2006.

4. I have never been to the third floor of Building 10.

On November 6, 2007, Plaintiff filed both a response to Herrman's motion for summary judgment and an affidavit supporting a request that the trial court grant a continuance of any ruling on Herrman's motion for summary judgment so that Plaintiff could conduct additional discovery as to the other Herrman employees who had been listed in Herrman's previous discovery responses as having made deliveries to the construction site. Those previous responses indicated that Herrman had two other identified delivery persons and

---

1. Branson Shares, LLC d/b/a The Falls Village Resort was also originally named in the peti-

tion, but was voluntarily dismissed without prejudice.

one unknown delivery person who had delivered materials to the construction site prior to the date of Plaintiff's fall.

On December 3, 2007, Plaintiff filed a supplemental response to Herrman's statement of uncontroverted facts, attaching an interrogatory response by the general contractor listing "unknown employees of . . . Herrman Lumber" [2] in response to Plaintiff's interrogatory request for "the name . . . of any persons known to you . . . who were present when the 'guardrails,' on the 'construction property,' described in the Petition would have been installed, adjusted, inspected, and/or removed/replaced."

On January 14, 2008, the court denied Plaintiff's motion for additional time to conduct further discovery on the issues raised in Herrman's motion for summary judgment by docket entry and entered the summary judgment Plaintiff now appeals.

## II. Standard of Review

In determining whether a trial court has properly granted summary judgment, we review the matter *de novo* and give no deference to the trial court's decision. *City of Springfield v. Gee*, 149 S.W.3d 609, 612 (Mo.App. S.D.2004); *Murphy v. Jackson Nat'l Life Ins. Co.*, 83 S.W.3d 663, 665 (Mo.App. S.D.2002). We employ the same criteria the trial court should have used in deciding whether to grant the motion. *Barekman v. City of Republic*, 232 S.W.3d 675, 677 (Mo.App. S.D.2007) (citing *Stormer v. Richfield Hosp. Serv., Inc.*, 60 S.W.3d 10, 12 (Mo.App. E.D.2001)).

We review the record in the light most favorable to the party against whom

judgment was entered and accord the non-movant the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). As in this case, a "defending party" may establish a right to summary judgment by showing:

> (1) facts that negate any one of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.* at 381. "[A] 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." *Id.* at 382.

## III. Discussion

Plaintiff alleges three points of trial court error: 1) the trial court overlooked facts in the record establishing a dispute as to whether Herrman had loosened the guardrail during deliveries made prior to Plaintiff's fall; 2) it granted Herrman's motion for summary judgment even though the motion did not comply with Rule 74.04;[3] and 3) it abused its discretion by refusing to give Plaintiff an adequate period of time to conduct additional discovery before ruling on the motion. Because

---

2. We note that this response could implicate either Herrman or Herrman Lumber Construction Concepts, LLC, ("Herrman LLC"); an additional party defendant added by means of Plaintiff's second amended petition. Construing the record in the light most favorable to Plaintiff and granting Plaintiff the

benefit of all favorable inferences, we treat this response as relating to deliveries made by Herrman.

3. Unless otherwise indicated, all references to rules are to Missouri Court Rules (2008).

we find Point I dispositive, we do not consider Points II and III.

Herrman contends that Plaintiff's claim is based solely on a theory of premises liability; construing Plaintiff's petition to allege that Herrman, as the "siding contractor," was "a subcontractor" and thereby a "possessor" of Building 10. Herrman then contends that because it established undisputed facts that Herrman was not the siding contractor and did not make any deliveries to the third floor of Building 10 at the time of Plaintiff's fall, Herrman owed no duty to Plaintiff. Our reading of Plaintiff's petition is that it bases its claim to relief on theories of both premises liability (that Herrman had control over the premises and did not make them safe) and general negligence—that Herrman directly created the dangerous condition that injured Plaintiff (negligently removing and loosely replacing the guardrail).

A claim brought under premises liability requires proof of four elements:

(1) a dangerous condition existed on the premises which involved an unreasonable risk;

(2) the landowner knew, or by using ordinary care should have known of the condition;

(3) the landowner failed to use ordinary care in removing or warning of the danger; and

(4) as a result, the invitee was injured.

*Griffith v. Dominic*, 254 S.W.3d 195, 198 (Mo.App. S.D.2008). To establish a premises liability-based cause of action against an independent contractor, the plaintiff must shift the duty of care from the landowner to the independent contractor by showing that the landowner relinquished possession and control of its property to the independent contractor during the period of work. *Id.*

To prevail on a cause of action in general negligence, three elements must be proven: 1) the existence of a duty on the part of the defendant to protect the plaintiff from injury; 2) the defendant's failure to perform that duty; and 3) the plaintiff's injury was proximately caused by the defendant's failure. *Seitz v. Lemay Bank & Trust Co.*, 959 S.W.2d 458, 463 (Mo. banc 1998). "A duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." *Cupp v. Nat'l R.R. Passenger Corp.*, 138 S.W.3d 766, 772 (Mo.App. E.D.2004). The scope of that duty is measured by "whether a reasonably prudent person would have anticipated danger and provided against it." *Id.*

The crux of the matter is whether Herrman owed Plaintiff a duty of care. Herrman asserts it owed no duty to Plaintiff because Herrman had no control over Plaintiff's conduct. This defense, however, applies exclusively to a premises liability theory of negligence; it is not a defense to a claim of general negligence. *Daoukas v. City of St. Louis*, 228 S.W.3d 30, 35 (Mo. App. E.D.2007). Proven facts may establish liability arising from negligent acts or omissions (general negligence) without regard to whether the defendant had control of the premises. *See id.*; *Griffith*, 254 S.W.3d at 202.

In *Killian v. Wheeloc Eng'g Co.*, 350 S.W.2d 759 (Mo. banc 1961), our Supreme Court found that a subcontractor owed the general contractor's employee a duty of care when the employee was injured in a common work area where both parties worked because the subcontractor had created the dangerous condition; the Court did not require a showing that the subcontractor was in control of that common area. *Id.* at 762; *see also Williamson v. Cox*, 844 S.W.2d 95, 97 (Mo.App. S.D.1992)

(finding a subcontractor to owe a duty to exercise reasonable care to not cause injury to employees of others when the subcontractor created the dangerous condition).

 Like in *Killian* and *Williamson,* Plaintiff alleges that Herrman owed Plaintiff a duty because Herrman made the guardrail dangerous (and allowed it to remain in that condition without any warning of its existence) to make it easier to deliver its materials to the third floor. Under its theory of general negligence, Plaintiff did not have to show that Herrman was in control of the guardrail at the time of Plaintiff's fall. Herrman's motion for summary judgment and its attached affidavits were not sufficient to refute Plaintiff's claim that Herrman had created the dangerous condition at issue, i.e., the unstable guardrail.

Herrman's answers to interrogatories and responses to requests for production of documents indicated that Herrman made at least four deliveries to the construction site prior to Plaintiff's fall. The general contractor's answer to an interrogatory identified Herrman as being present when the guardrails were "installed, adjusted, inspected, and/or removed/replaced." Herrman's affidavits from less than all of its employees who were identified in discovery responses as having made deliveries to the construction site prior to Plaintiff's fall are insufficient to refute Plaintiff's claim that one or more of Herrman's employees loosened the guardrail.

 Because Herrman's motion for summary judgment was insufficient to prove that Herrman was not a participant in the removing and replacing of the guardrail and could not have foreseen that someone might be injured by placing their weight against it, Herrman failed to prove that it owed no duty to Plaintiff. The trial court's summary judgment in favor of

Herrman is reversed, and the cause is remanded for further proceedings consistent with this opinion.

PARRISH and RAHMEYER, JJ., concur.