

# In the Missouri Court of Appeals
# Eastern District
## DIVISON FOUR

| | | |
|---|---|---|
| JOHN C. RAPP, | ) | No. ED100042 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| EAGLE PLUMBING, INC., | ) | Honorable Mark D. Seigel |
| | ) | |
| Respondent. | ) | Filed: June 10, 2014 |

### *Introduction*

John Rapp (Plaintiff) appeals the trial court's grant of summary judgment to Eagle Plumbing, Inc. (Defendant) on his action in negligence. Plaintiff contends the trial court erred in granting summary judgment to Defendant based on the open and obvious doctrine because it applies only to possessors of land. Plaintiff also asserts that, even assuming application of the open and obvious doctrine, the trial court erred in entering summary judgment because genuine issues of material fact exist regarding whether: (1) the hazard posed by the trench wall was open and obvious; (2) Defendant should have anticipated the harm caused by the trench wall's collapse; and (3) Defendant's actions or omissions were the proximate cause of Plaintiff's injuries. We affirm.

*Factual and Procedural Background*[1]

In April 2010, Defendant was a plumbing contractor on a construction site at Washington University. Either Defendant or another contractor dug a trench on the construction site, which Defendant used for the placement of its drainage pipes.[2] The trench was thirty to thirty-six inches deep, two feet wide, and thirty to forty feet long. Defendant did not flag or otherwise barricade the trench.

Plaintiff, a journeyman bricklayer with over twenty years' experience, worked for John J. Smith Masonry, another subcontractor working on the construction site. On April 23, 2010, Plaintiff and his co-worker, Josh Guidicy, were "striking the joints" of a wall located about two feet from Defendant's trench.[3] At approximately 11:30 a.m., rain began to fall. As Mr. Guidicy continued to strike the joints of the wall, Plaintiff attempted to step around him. With his back to the wall and facing the trench, Plaintiff placed a foot on the edge of the trench. The trench wall collapsed, and Plaintiff fell, striking his shoulder on the wall he was constructing and tearing his rotator cuff.

Plaintiff filed an action for negligence against Defendant seeking damages for his injuries. In the petition, Plaintiff alleged that Defendant was negligent in: (1) failing to "warn or guard or barricade the trench so as to protect Plaintiff and others who were in a similar position"; and (2) leaving "the excavation of the trench in an open and dangerous condition for a period of ten (10) to fourteen (14) days." Additionally, Plaintiff pleaded that: "Defendant failed to put

---

[1] The following facts are based on the parties' statements of uncontroverted facts and are viewed in the light most favorable to Plaintiff as the nonmoving party. See Safe Auto Ins. Co. v. Hazelwood, 404 S.W.3d 360, 363 (Mo.App.S.D. 2012).

[2] In his petition, Plaintiff alleged that Defendant "either dug the above described trench or had it dug at their request . . ."

[3] In his deposition testimony, Plaintiff explained the term "striking the joints" as follows: "When you lay brick, the mortar oozes out of the brick and [you] cut it off, and then you have a tool that's round. It's called a jointer. You strike the joints to make them smooth."

any barricade or fencing around the trench so as to prevent anyone from falling into the trench"; "Defendant failed to put any warning, tape or lights around the trench to minimize falls"; and "Defendant failed to fill the trench with dirt and or [sic] gravel so as to eliminate the hazard." Plaintiff alleged that, "as a direct and proximate result of the aforesaid negligence of Defendant[,] Plaintiff was caused to suffer a tear of his rotator cuff."

Defendant filed a motion for summary judgment arguing that Defendant did not have a duty to warn Plaintiff of the dangerous condition because "the trench Plaintiff fell into was an open and obvious condition which was both visually ascertainable and of which Plaintiff had actual knowledge." Defendant also asserted that Plaintiff could not "establish that any act or omission of [Defendant] was the 'but-for' cause or the proximate cause of his injuries in that [Defendant] is 'entitled to assume and act upon the assumption' that Plaintiff would exercise due care for his own safety."

Plaintiff filed a memorandum in response to Defendant's motion for summary judgment arguing that "[t]here is a genuine issue of material fact as to whether the condition which caused Plaintiff's injuries was sufficiently 'open and obvious.'" More specifically, Plaintiff asserted that "it was not the visually observable trench that caused Plaintiff's injuries," but rather "the non-visually ascertainable unprotected and defective trench sidewall . . . that caused Plaintiff's injuries." Plaintiff also argued that the condition was not "open and obvious" as a matter of law because the "dangerous condition existed irrespective of whether Plaintiff exercised due care . . . ." Finally, Plaintiff contended that there existed a genuine issue of material fact as to the "but-for" and proximate cause of his injuries.

After hearing arguments, the trial court granted Defendant summary judgment. Plaintiff appeals.

3

Whether the trial court's grant of summary judgment was proper is a question of law that we review *de novo*. Todd v. Mo. United Sch. Ins. Council, 223 S.W.3d 156, 160 (Mo. banc 2007). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Rule 74.04(c). On appeal, we review the summary judgment record in the light most favorable to the party against whom the judgment was entered, and we accord that party the benefit of all inferences which may reasonably be drawn from the record. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Where, as here, the trial court does not set forth its reasoning in the order granting summary judgment, we presume that the trial court based its decision on grounds specified in the movant's motion for summary judgment. Central Mo. Elec. Co-op. v. Balke, 119 S.W.3d 627, 635 (Mo.App.W.D. 2003).

*Discussion*

In a premises liability case, a defendant may be liable for injuries suffered by an invitee[4] due to a dangerous condition of the land only if the defendant: (a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to the invitee; (b) should expect that the invitee will not discover or realize the danger or will fail to protect himself against it; and (c) fails to exercise reasonable care to protect the invitee against danger. Holzhausen v. Bi-State Dev. Agency, 414 S.W.3d 488, 494

---

[4] For purposes of this opinion, we assume, consistent with the parties' implicit positions before the trial court, that Plaintiff had the status of an invitee. An invitee "is one who enters the premises with the consent of the possessor for some purpose of real benefit or interest to the possessor or for the mutual benefit of both." Adams v. Badgett, 114 S.W.3d 432, 437 (Mo.App.E.D. 2003); see also Stevenson v. Kansas City Southern Ry. Co., 159 S.W.2d 260, 263 (Mo. 1941).

(Mo.App.E.D. 2013) (quoting Harris v. Niehaus, 857 S.W.2d 222, 225–26 (Mo. banc 1993)).

Accordingly, to satisfy the applicable standard of care, an owner or occupier of land must:

> (1) exercise reasonable care; (2) disclose to the invitee all dangerous conditions which are known to the [owner or occupier] and are likely not to be discovered by the invitee; and (3) see that the premises are safe for the reception of a visitor, or at least ascertain the condition of the land, to give such warning that the invitee may decide intelligently whether or not to accept the invitation, or may protect himself against the danger if he does accept it.

Id. (quoting Harris, 857 S.W.2d at 226). Missouri courts recognize that "[w]hen the dangerous condition is so open and obvious that an invitee should reasonably be expected to discover it and realize the danger, a possessor of land does *not* breach the standard of care owed to invitees 'unless the possessor should anticipate the harm despite such knowledge or obviousness.'" Harris, 857 S.W.2d at 226 (emphasis in original) (quoting Restatement (Second) of Torts § 343A(1)). "[W]here the danger is open and obvious as a matter of law and the risk of harm exists only if the plaintiff fails to exercise due care, the case is not submissible to the jury . . . ." Harris, 857 S.W.2d at 227.

### 1. Application of the Open and Obvious Doctrine

In his first point on appeal, Plaintiff argues that the trial court erred in granting summary judgment in favor of Defendant based on the open and obvious doctrine as set forth in Sections 343 and 343A of the Restatement (Second) of Torts.[5] More specifically, Plaintiff contends that

---

[5] Section 343, entitled "Dangerous Conditions Known to or Discoverable by Possessor," provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

the open and obvious doctrine is inapplicable because his cause of action "was not brought against [Defendant] as a possessor of land but rather as a sub-contractor on a construction site. . . ." In response, Defendant asserts that summary judgment was proper because the trial court "addressed the claims made by [Plaintiff] and no other legal framework was raised by [Plaintiff] in the circuit court."

As an initial matter, we address Defendant's assertion that Plaintiff has failed to preserve the issue he now raises on appeal. "[A]ppellate review of a decision to grant summary judgment is limited to the issues put before the trial court." Sheedy v. Mo. Highways and Transp. Comm'n, 180 S.W.3d 66, 70 (Mo.App.S.D. 2005). Consequently, "[f]or purposes of this appeal, we are confined to addressing only those issues properly raised in the defendant['s] motion[] for summary judgment and the responses thereto." Heffernan v. Reinhold, 73 S.W.3d 659, 663 (Mo.App.E.D. 2002). "Parties are bound by the position they took in the trial court and will not be heard on a different theory on appeal." Country Mut. Ins. Co. v. Matney, 25 S.W.3d 651, 654 (Mo.App.W.D. 2000).

After reviewing the record on appeal, we find no evidence that Plaintiff raised in the trial court the argument he now presents in Point I. In Plaintiff's memorandum in response to Defendant's motion for summary judgment, Plaintiff argued that summary judgment was improper because there was "a genuine issue of material fact as to whether the condition which

---

Restatement (Second) of Torts §343 (1965). Section 343A provides the following exception: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1) (1965). The Missouri Supreme Court adopted Sections 343 and 343A(1) "as accurate statements of the law in Missouri." Harris v. Niehaus, 857 S.W.2d 222, 226 (Mo. banc 1993).

caused Plaintiff's injuries was sufficiently 'open and obvious.'" However, Plaintiff now asserts on appeal that the open and obvious doctrine, as set forth in Section 343A of the Restatement (Second) of Torts, does not provide Defendant a defense to his action in negligence because Defendant was not the "possessor" of land upon which the dangerous condition existed. On review, an appellate court will not convict a trial court of error on an issue that was never presented to the trial court for its consideration. Sheedy, 180 S.W.3d at 71.

Even if we were to consider this point, we are not persuaded by Plaintiff's position. Missouri courts recognize that a subcontractor owes "a duty to exercise reasonable care not to cause injury to the employees of others . . . and of course is liable for the negligence of its employees." Killian v. Wheeloc Eng'g Co., 350 S.W.2d 759, 762 (Mo. 1961); see also Becker v. Setien, 904 S.W.2d 338, 343 (Mo.App.W.D. 1995); Williamson v. Cox, 844 S.W.2d 95, 97 (Mo.App.S.D. 1992). This is because a subcontractor, like a contractor, is "in charge of and [has] control of the stipulated work and therefore is responsible for any wrongful or negligent acts committed by it or its employees while the work is in progress." Miller v. Brunson Constr. Co., 250 S.W.2d 958, 960 (Mo. 1952); see also Mino v. Porter Roofing Co., Inc., 785 S.W.2d 558, 561 (Mo.App.W.D. 1990).

For example, in Becker v. Setien, the plaintiff bricklayer was constructing the walls of a mechanical room, which was suspended about twenty feet above a gymnasium floor, when he fell through a hole created by the defendant subcontractors. Becker, 904 S.W.2d at 343. The plaintiff filed suit alleging that defendants "were negligent in vacating the area after completing the flooring without covering, barricading, or otherwise guarding the hole." Id. at 340. The Western District affirmed that a defendant "subcontractor is liable for physical harm caused by a

7

dangerous condition or structure created by him while land is in his charge." <u>Id.</u> (citing Restatement (Second) of Torts § 384). Point denied.

2. *Whether the "Dangerous Condition" Was Open and Obvious*

In his second point on appeal, Plaintiff claims the trial court erred in granting Defendant summary judgment because, even if the open and obvious doctrine applies, there is a genuine issue of material fact regarding whether "the hazard of the trench's wall collapsing under the weight of [Plaintiff] stepping at or near its edge while doing his work was 'open and obvious' as a matter of law . . . ." Defendant counters that summary judgment was proper because the trench was an open and obvious condition as a matter of law and a defendant has no duty to warn of dangers that are obvious and commonly known.

On appeal, Plaintiff appears to expand his theory of recovery beyond failure to warn or failure to barricade the trench. Plaintiff argues that "there is a genuine issue of material fact that the danger of the Trench was not merely that it was open and not flagged off, but the fact that the **wall of the Trench would collapse** when [Plaintiff] stepped at or near its edge when working." (emphasis in original). In his petition, however, Plaintiff alleged that Defendant was negligent in failing to "warn or guard or barricade the . . . trench so as to protect Plaintiff and others who were in a similar position" and in leaving "the excavation of the trench in an open and dangerous condition." Plaintiff neither alleged in his petition nor presented evidence in response to Defendant's motion for summary judgment tending to prove that Defendant constructed the trench wall in a negligent manner. <u>Cf.</u> <u>Schumann v. Mo. Highway & Transp. Comm'n</u>, 912 S.W.2d 548, 553 (Mo.App.W.D. 1995) (plaintiff presented evidence that the highway's shoulder "was designed, constructed, and maintained in a dangerous and defective condition . . . ."). To the extent that Plaintiff attempts to expand his theory of recovery to encompass negligent

8

construction of the trench, we note that he is "foreclosed from now raising a theory different from the theory considered and rejected by the trial court." Sheedy, 180 S.W.3d at 71 (quotation omitted).

Apparently acknowledging that the trench itself was open and obvious, Plaintiff argues the dangerous condition that caused his injury – the "defective" or "loose" trench wall – was hidden or "visually unascertainable." In support of his position, Plaintiff cites Parker v. Nat'l Super Mkts., Inc., 914 S.W.2d 30, 32 (Mo.App.E.D. 1995). There, a soft-drink delivery person sued the defendant store for injuries he sustained when he stepped on a metal plate on the defendant's loading dock and the metal plate moved. 914 S.W.2d at 31. This court held that the trial court did not err in refusing to instruct the jury that the plaintiff could not recover if the metal plate was an open and obvious condition because the "evidence does not establish that the danger of the plate *moving* was open and obvious . . . ." Id. at 32 (emphasis in original). The court reasoned that "the movement of the plate, not its presence . . . caused plaintiff's injury." Id.

Although the discussion and analysis of the facts in Parker is limited, we find Parker factually distinguishable and thus inapposite. In the absence of information indicating otherwise, we assume that the defendant store intended for the plaintiff (and others in the plaintiff's position) to walk upon the metal plate. The metal plate lay on a loading dock, the purpose of which presumably was to receive delivery persons such as the plaintiff, and the plaintiff properly walked across the metal plate. Consequently, the issue in Parker was whether the condition, not the existence, of the metal plate was an open and obvious danger. Id. at 32; see also Dieterich v. Pickett, 114 S.W.3d 293, 296 (Mo.App.W.D. 2003). In contrast, the purpose of Defendant's

9

trench was for the placement of Defendant's drainage pipes, not for use by either Plaintiff or his employer, a masonry subcontractor.

Although cited by neither party, <u>Chism v. White Oak Feed Co.</u> is instructive on the issue of hidden dangers. 612 S.W.2d 873 (Mo.App.S.D. 1981). In <u>Chism</u>, the plaintiff farmer was delivering soybeans to the defendant's grain handling and storage facility, which was located on another individual's farm. <u>Id.</u> at 876. While standing at the rear of his truck near an open hopper, the plaintiff fell into the hopper and became entrapped in an auger at the bottom of the hopper. <u>Id.</u> at 877. As a result, the plaintiff injured his left leg and it was later amputated. <u>Id.</u> The plaintiff sued alleging that the defendant failed to use ordinary care to barricade the open hopper. <u>Id.</u> at 875. The jury found the defendant liable, and the defendant appealed, arguing that the trial court erred in overruling the defendant's motion for a directed verdict "because the hopper and auger were so open and obvious it was under no duty to barricade the unguarded auger." <u>Id.</u> at 878. Plaintiff, in response, contended that the "decisive point [was] whether or not the unguarded auger was open and obvious." <u>Id.</u>

In concluding that the defendant failed to barricade the hopper and thus exposed the plaintiff to the risk of the unseen and unguarded auger, the <u>Chism</u> court ruled that the "unguarded auger was independent from the condition of the open hopper." <u>Id.</u> at 879. Moreover, the court determined that the harm "did not result solely from the open hopper, but could be found not to have occurred but for the unguarded auger." <u>Id.</u>

By contrast here, Plaintiff's petition, as well as the evidence proffered in response to summary judgment, focused solely on the open trench itself. The wall of the trench is not independent of the trench. Plaintiff alleged that the trench caused his injury, not as in <u>Chism</u>, a fall into a separate hidden danger concealed by the trench. Under the circumstances we find

10

here, we conclude that the facts of this case do not bring it within the ambit of a "hidden danger" theory. Point denied.

### 3. Whether Defendant Should Have Anticipated the Harm

In his third point on appeal, Plaintiff claims the trial court erred in granting Defendant summary judgment because, even if the open and obvious doctrine applies, there is a genuine issue of material fact regarding whether Defendant should have anticipated that a worker might step on or near the edge of the trench wall and cause it to collapse. Defendant counters that summary judgment was proper because there were no genuine issues of material fact related to whether Defendant should have anticipated the harm.[6]

Plaintiff invokes the exception to the rule that a possessor of land does not breach the standard of care owed to invitees when the dangerous condition is open and obvious "unless the possessor should anticipate the harm despite such knowledge or obviousness." Holzhausen, 414 S.W.3d at 496 (quoting Harris, 857 S.W.2d at 226). Under this rule, a possessor's duty to protect invitees from dangers that are open and obvious as a matter of law arises only when the possessor should anticipate the harm despite the obviousness of the risk. Huxoll v. McAlister's Body & Frame, Inc., 129 S.W.3d 33, 35 (Mo.App.W.D. 2004). Accordingly, a defendant in a premises liability action is entitled to summary judgment when there is no evidence from which a jury could find that the defendant should have expected that persons such as the plaintiff "will not discover or realize the danger, or will fail to protect themselves against it." Becker, 904 S.W.2d at 348.

---

[6] Defendant further argues that "the question of anticipation of harm is not relevant to the present case" as it was undisputed that Defendant was not the possessor of the land. Defendant, like Plaintiff in Point I, raises the issue of possession for the first time on appeal. "An issue that was never presented to or decided by the trial court is not preserved for appellate review." Neisler v. Keirsbilck, 307 S.W.3d 193, 197 (Mo.App.S.D. 2010) (quotation omitted).

11

In considering whether Defendant should have anticipated the harm to Plaintiff, we are guided by the Western District's decision in Becker. In Becker, the plaintiff bricklayer was building the concrete walls of a mechanical room suspended from the ceiling of a gymnasium. Becker, 904 S.W.2d at 340. The defendant subcontractor installed the metal floor of the mechanical room and created an access hole, which it did not guard or barricade. Id. The plaintiff "was fully aware the hole was present and uncovered"[7] but decided to "strike up" the walls from inside the mechanical room rather than from the scaffold that stood "just outside the location for the walls." Id. at 341, 342. While he was working, the plaintiff fell through the hole and sustained serious injuries. Id. at 342. The plaintiff filed suit, and the trial court granted summary judgment for the defendant. Id. at 341. The plaintiff appealed arguing, among other things, that the defendant should have anticipated that the plaintiff or his coworkers would decide to stand on the metal floor and the defendant, therefore, had a duty "to prevent him or others from falling in the hole." Id. at 346.

The Becker court affirmed summary judgment for the defendant because "there was no evidence from which the jury could find that [the defendant] should have expected that persons such as [the plaintiff] 'will not discover or realize the danger, or will fail to protect themselves against it.'" Id. at 348 (quoting Restatement (Second) of Torts § 343 (1965)). The court reasoned that the risk that the plaintiff "might decide to work inside the room and then might become so involved in his work he would forget about the hole . . . only became foreseeable in hindsight . . . ." Id. The court emphasized that plaintiff "was aware of the presence of the hole, as he was working on the wall next to it as the hole was made" and "even after he began working

---

[7] The defendant presented the deposition testimony of its foreman, who testified that: "[A]s I was leaving, I warned [the plaintiff] and his foreman about the existence of the access opening on the other side of the wall." Id. at 342. The plaintiff did not specifically recall this warning but admitted that he was "fully aware of the presence of the hole in the floor of the room." Id.

in the room, he was aware of and stepped around the hole." Id.  Based on the above, the court concluded that "the danger of the hole was open and obvious and the risk arose only because [the plaintiff] failed to exercise due care . . . ." Id.

Like the plaintiff in Becker, Plaintiff knew about the existence of the dangerous condition and he knew where it was located.  According to Plaintiff's deposition testimony, "a day or two prior" to his injury, he observed "the trench being dug."  Plaintiff explained that, on the day of his injury, he and Mr. Guidicy, were "striking the joints" of a wall and working toward each other with their backs to the trench. When Plaintiff reached Mr. Guidicy, he turned to face the trench before stepping around Mr. Guidicy.  Plaintiff testified that he "saw the trench" and "[t]hat's when I stepped on the end of it with my right foot, and the dirt collapsed, and I fell." Plaintiff repeatedly stated that he "saw the trench before [he] put [his] foot on it."   In addition, Plaintiff's co-worker, Josh Guidicy, stated that, on the day of Plaintiff's injury, the ground was "uneven" and he knew that "there was an excavation where I was working."   Plaintiff's supervisor, a foreman for John J. Smith Masonry, testified that "it is common on construction sites for there to be hazards around like open trenches and excavations . . . .," and he described weekly safety meetings he held for his workers at which he discussed, among other things, the importance of being aware of one's surroundings.

In support of his claim that there was a genuine issue of material fact regarding whether Defendant should have anticipated the harm created by the trench, Plaintiff cites cases holding that whether the defendant should have anticipated that a reasonable person in the plaintiff's position might become distracted and fail to discover the hazardous condition is a question for the jury. Peterson v. Summit Fitness, 920 S.W.2d 928, 935 (Mo.App.W.D. 1996); Bruner v. City of St. Louis, 857 S.W.2d 329, 333 (Mo.App.E.D. 1993); Jones v. Nat'l Supermarkets, 729

S.W.2d 218, 222 (Mo.App.E.D. 1987). These cases are inapposite because Plaintiff does not allege that he was distracted and/or forgot about the existence of the trench when he stepped on the edge and sustained his injury. To the contrary, Plaintiff candidly stated that he was aware of the trench and intentionally placed his foot on its edge. See Becker, 904 S.W.2d at 348.

Plaintiff also cites Preston v. Wal-Mart Stores, Inc., 923 S.W.2d 426 (Mo.App.W.D. 1996), which affirmed the trial court's judgment in favor of a plaintiff who tripped on a "bunched up," frozen floor mat in the defendant's store. The Preston court rejected the defendant's claim on appeal "that the floor mat's condition was so open and obvious that [the plaintiff] should have been expected to discover and appreciate the danger to her." Id. at 427. The court reasoned that, even assuming the floor mat's condition was open and obvious, the defendant should have anticipated the harm to plaintiff because the defendant knew that other customers had tripped on the mat. Id. at 428. Unlike the plaintiff in Preston, Plaintiff did not present evidence that Defendant knew that others had experienced similar problems with the trench.

In sum, we find in the summary judgment record no evidence from which a jury could find that Defendant should have expected that persons such as Plaintiff – who admitted he observed the trench being dug and was aware of the trench for several days before the incident, saw the trench before he stepped on it, and was not distracted – would deliberately, despite his awareness of the hazardous condition, step on the edge of the trench. See Becker, 904 S.W.2d at 348; see also Holzhausen, 414 S.W.3d at 497. Under these circumstances, "a possessor of land is entitled to expect that its invitees will exercise ordinary perception, intelligence, and judgment . . . ." Crow v. Kansas City Power & Light Co., 174 S.W.3d 523, 534 (Mo.App.W.D. 2005) (quoting Harris, 857 S.W.2d at 226). Based on the facts in the summary judgment record, we

14

conclude that the trial court did not err in determining that the trench was open and obvious and the risk arose only because Plaintiff, with full knowledge of the existence and location of the trench, placed his foot on the trench's edge.  See Becker, 904 S.W.2d at 348. Point denied.

### 4. Proximate Causation

In his fourth and final point on appeal, Plaintiff contends the trial court erred in granting summary judgment because Defendant failed to prove the absence of a genuine issue of material fact regarding whether its actions and/or omissions were the proximate cause of Plaintiff's injuries.  In response, Defendant asserts that summary judgment was proper because there was no genuine issue of material fact relating to the proximate cause of Plaintiff's injuries in that Plaintiff's "failure to exercise ordinary care for his own safety was an efficient intervening cause of his injury."

As previously discussed, "there is no duty to warn an invitee against dangers which are known to the invitee or so obvious that the invitee may be expected to discover them." Guthrie v. Reliance Constr. Co., Inc., 612 S.W.2d 366, (Mo.App.E.D. 1980).  In this case, the open and obvious nature of the trench obviated Defendant's duty to protect Plaintiff from the hazard posed by the trench.  "In the absence of a duty, [Defendant's] actions could not be the proximate cause of any claimed damages." Citizens Nat'l Bank v. Maries County Bank, 244 S.W.3d 266, 272 (Mo.App.S.D. 2008); see also Karr v. Chicago R.I. & P. Ry. Co., 108 S.W.2d 44, 48–49 (Mo. 1937).  Because Plaintiff was unable to establish Defendant's duty, an essential element of his negligence claim, we need not address the issue of proximate cause.  See e.g., Hitchell v. Strauss, 748 S.W.2d 771, 773 (Mo.App.E.D. 1988).  Point denied.

### Conclusion

The judgment of the trial court is affirmed.

15

_____
Patricia L. Cohen, Judge

Lisa S. Van Amburg, P.J., and
Philip M. Hess, J., concur.