

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| LISA WEBER, et al., | ) | No. ED111226 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of Lincoln County |
| | ) | Cause No. 19L6-CC00084 |
| v. | ) | |
| | ) | |
| | ) | |
| FEDERAL HOME LOAN | ) | Honorable Patrick S. Flynn |
| MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | FILED: September 26, 2023 |

OPINION

Introduction

Lisa and Samuel Weber ("the Webers") appeal from the grant of summary judgment in favor of Federal Home Loan Mortgage Corporation ("FHLMC") on the Webers' petition for specific performance and breach of a real estate contract. We affirm the summary judgment of the trial court.

Factual and Procedural Background[1]

---

[1] Only those material facts set forth in the parties' statements of facts may be considered in determining whether summary judgment is appropriate. *Aziz v. Tsevis*, 565 S.W.3d 738, 744 (Mo. App. E.D. 2018); *see also Green v. Fotoohighiam*, 606 S.W.3d 113, 117-18 (Mo. banc 2020). Thus, we disregard any references to facts outside the summary judgment record. *Fotoohighiam*, 606 S.W.3d at 117.

On March 4, 2019, the Webers, as purchasers, and FHLMC, as seller, entered into a contract for the sale of "property known as 192 McClay Road, Winfield, MO 63389 for $78,500, subject to all addenda thereto" ("the Contract"). Pursuant to the Contract, if FHLMC defaulted on the Contract, the Webers could either release FHLMC from liability upon return of the earnest money or pursue any remedy at law and in equity, including enforcement of the sale.

A few days later, on March 7 and 11, 2019, the parties executed Addendum #1 ("the Addendum"), which became part of the Contract. The Addendum provided that, if any provision of the Addendum conflicted in whole or in part with the Contract, the Addendum controlled.

Paragraph 1 of the Addendum provided:

**CONDITIONS OF SALE:**…The [Contract] is subject to each of the following conditions: (i) final acquisition of the Property by Seller; (ii) the ability of Seller to provide insurable title; (iii) the mortgage insurance company's approval of the sale; and (iv) if required by Seller, the repurchase of the Property by the prior mortgage servicer from Seller. In the event any of these conditions are applicable, at Seller's option and at Seller's sole discretion, Seller may notify Purchaser that the [Contract] is canceled, the deposit shall be returned to Purchaser and Seller shall have no further obligation to sell or convey the Property to Purchaser.

Paragraph 19 of the Addendum further provided:

**DEFAULT/REMEDIES:** In the event that either party fails or refuses to proceed to settlement for any reason except for reasons permitted or authorized by the Contract of Sale or this or other addenda, Purchaser and Seller acknowledge and agree that the economic consequences of such action by either party, considered at the time of contract formation, are speculative and uncertain. In such event, Purchaser and Seller agree that the recovery of liquidated damages is a suitable and preferable alternative to remedies that might otherwise be available at law or in equity. Therefore, in the event that Seller fails or refuses to proceed to settlement in violation of the Contract of Sale, Purchaser's sole and exclusive remedy shall be the recovery of liquidated damages in the amount of one thousand dollars ($1,000.00). . . . Purchaser and Seller each agree to accept the specified liquidated damages as full and complete compensation for any and all claims, whether founded upon contract, tort, statute, or otherwise, that may arise in connection with the failure or refusal of the other party to proceed to settlement in violation of the Contract of Sale, and Purchaser and Seller expressly waive and disclaim any and all further claims and remedies including but not limited to injunctive relief, specific performance, the filing of a notice of lis pendens, and

claims for monetary compensation including but not limited to benefit-of-the-bargain damages, lost profits, lost rental income, expenses incurred in preparing for settlement, and all other costs, expenses, compensation and damages of whatever nature whether founded upon law or in equity.

In Paragraph 30 of the Addendum, the parties agreed that the attorney fees provision in the Contract "shall be of no force or effect, and is hereby revoked."

On March 11, 2019, the Webers paid $1,000 in earnest money. On April 8, 2019, the parties amended the Contract to extend the closing date to April 19, 2019, because title was not clear. On April 29, 2019, FHLMC exercised its option to terminate the contract "pursuant to paragraph 1 of the Addendum #1" and authorized the immediate return of the $1,000 in earnest money to the Webers.

On June 18, 2019, the Webers filed their petition against FHLMC for breach of contract. Specifically, the Webers alleged that FHLMC conveyed a portion of the property to a third party and then sought to cancel the Contract, in violation of the Contract. The remedies sought by the Webers were specific performance of the Contract, conveyance of the property, and attorney fees. The petition made no mention of the Addendum.

On June 22, 2022, FHLMC filed its motion for summary judgment, statement of uncontroverted facts, and suggestions in support. In its suggestions in support, FHLMC argued that the Webers agreed in the Addendum that their exclusive remedy if FHLMC failed or refused to proceed with the sale was $1,000 in liquidated damages. FHLMC also argued that the Webers waived and disclaimed all other claims and remedies, including injunctive relief, specific performance, and attorney fees.

On August 12, 2022, the Webers filed their responses to FHLMC's motion for summary judgment and statement of uncontroverted facts. The Webers' only argument in response to the motion for summary judgment was that the liquidated damages provision may be unreasonable.

3

In their response to the statement of uncontroverted facts, the Webers admitted all of FHLMC's stated facts.

On November 22, 2022, the trial court entered summary judgment in favor of FHLMC. In its order and judgment, the court denied the Webers' request for specific performance, limited their recovery to the refund of the $1,000 in earnest money, and ordered the parties to bear their own costs. The court found that, pursuant to Paragraph 19 of the Addendum, the Webers' sole remedy in the event of a breach of the Contract was liquidated damages of $1,000. The trial court also found that, pursuant to Paragraph 30 of the Addendum, the attorney fees provision in the Contract was revoked. Finally, the trial court found that FHLMC notified the Webers it was exercising its option to terminate the Contract pursuant to the Addendum because it could not provide insurable title. This appeal follows.

Standard of Review

Our review of the trial court's grant of summary judgment is *de novo*. *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020). In determining whether summary judgment was proper, we apply the same criteria as the trial court. *Id*. We will affirm the judgment of the trial court if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id*.; Rule 74.04(c)(6). We afford the non-moving party the benefit of all reasonable inferences from the record. *Fotoohighiam*, 606 S.W.3d at 116.

Facts set forth by affidavit or otherwise in support of a party's motion for summary judgment are taken as true unless contradicted by the non-moving party's response to the motion. *Id*. A defending party may establish a right to judgment as a matter of law by showing:

> (1) [F]acts that negate any one of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine

4

dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense.

*ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993) (emphasis omitted). "We will affirm the trial court's summary judgment on any ground supported by the record, whether relied upon by the trial court or not." *Bray v. Wells Fargo Home Mortgage, Inc.*, 654 S.W.3d 732, 739 (Mo. App. E.D. 2022) (quoting *Cass Cnty. v. City of Lee's Summit*, 638 S.W.3d 560, 566 (Mo. App. W.D. 2021)).

Discussion

*Insurable Title*

In Point I, the Webers argue the trial court erred in entering summary judgment in favor of FHLMC because the court erroneously found that the reason FHLMC terminated the Contract was that it could not provide insurable title.

The Webers are correct that FHLMC's statement of uncontroverted facts did not state the specific reason FHLMC terminated the Contract, and that fact is not found anywhere in the properly constituted summary judgment record.[2] But the Webers fail to explain how that fact is material for the purpose of summary judgment. "A material fact in the context of summary judgment is one from which the right to judgment flows." *Bray*, 654 S.W.3d at 739 (quoting *Fotoohighiam*, 606 S.W.3d at 115).

---

[2] That FHLMC terminated the Contract because it could not provide insurable title is suggested in the notice of termination attached as an exhibit to FHLMC's statement of uncontroverted facts, but that fact is not the subject of any of FHLMC's statements of uncontroverted fact. We therefore do not consider it. *See Fotoohighiam*, 606 S.W.3d at 117 ("Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, *since parties cannot cite or rely on facts outside the Rule 74.04(c) record.*" (emphasis in original) (quotations omitted)).

The undisputed material fact is that the Webers agreed in the Addendum that, "in the event that [FHLMC] fails or refuses to proceed to settlement in violation of the Contract of Sale, [the Webers'] sole and exclusive remedy shall be the recovery of liquidated damages." The Webers also expressly waived and disclaimed "any and all further claims and remedies including but not limited to injunctive relief, [and] specific performance," and agreed that the attorney fees provision in the Contract "shall be of no force or effect, and is hereby revoked." Accordingly, the trial court granted summary judgment on the Webers' breach of contract claim seeking specific performance of the Contract and attorney fees—relief clearly unavailable to the Webers pursuant to the Addendum, as reflected in the uncontroverted material facts in the summary judgment record.

On appeal, the Webers do not challenge the trial court's findings that their sole remedy for breach of the Contract was liquidated damages and that the attorney fees provision in the Contract was revoked. Instead, they challenge the trial court's finding that FHLMC terminated the Contract because it could not provide insurable title. That fact simply is not necessary to the trial court's entry of summary judgment on the Webers' breach of contract claim seeking specific performance and attorney fees. *See Fotoohighiam*, 606 S.W.3d at 115. FHLMC was entitled to judgment as a matter of law, and the trial court did not err in entering summary judgment.

Point I is denied.

*Alleged Indemnification Scheme*

In Point II, the Webers argue the trial court erred in entering summary judgment in favor of FHLMC because the court failed to account for what the Webers characterize as a "faulty indemnification scheme," by which FHLMC did not fully indemnify the Webers and was

6

unjustly enriched. Point II is not preserved for review on appeal, as it raises an issue not presented before the trial court.

Appellate review of summary judgment is limited to the issues presented before the trial court. *Rapp v. Eagle Plumbing, Inc.*, 440 S.W.3d 519, 523 (Mo. App. E.D. 2014). "Parties are bound by the position they took in the trial court and will not be heard on a different theory on appeal." *Id.* (quoting *Country Mut. Ins. Co. v. Matney*, 25 S.W.3d 651, 654 (Mo. App. W.D. 2000)).

Here, the only issue raised in the Webers' response to FHLMC's motion for summary judgment was a suggestion that the liquidated damages clause in the Addendum may be unreasonable. Because the Webers did not raise the alleged "indemnification scheme" before the trial court, they are precluded from raising it on appeal. *See Bracely-Mosley v. Hunter Engineering Co.,* 662 S.W.3d 806, 821 (Mo. App. E.D. 2023).

Point II is denied.

Conclusion

The summary judgment of the trial court is affirmed.

_____
Cristian M. Stevens, J.

Robert M. Clayton III, P.J., and
Philip M. Hess, J., concur.

7